FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

2013 APR 22  PM 2: 25

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Civil Case Number: _____

| | |
|---|---|
| Janelle Chamblee, | : |
| | : |
| | : |
| Plaintiff, | : |
| vs. | : |
| | : |
| Performant Recovery, Inc.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |

3:13-CV-426-J-32JBT

## COMPLAINT

For this Complaint, the Plaintiff, Janelle Chamblee, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     The Plaintiff, Janelle Chamblee ("Plaintiff"), is an adult individual residing in Jacksonville, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Performant Recovery, Inc. ("Performant"), is a California business entity with an address of 333 North Canyons Parkway, Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Performant and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Performant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $22,000.00 (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Performant Engages in Harassment and Abusive Tactics

12.      Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

13.   Defendants placed several calls to Plaintiff at her place of employment after Plaintiff had requested they cease calls to her job.

14.   Furthermore, Defendants have placed calls to Plaintiffs cellular phone past 9:00 p.m.

15.   In addition, Defendants used a rude and disrespectful approach when speaking with Plaintiff, at times laughing at her and refusing to let her speak with a supervisor regarding Defendant's conduct towards Plaintiff.

## C. **Plaintiff Suffered Actual Damages**

16.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.   The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff after 9:00 p.m.

20.   The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

27.     Florida further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Florida state law.

28.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with several calls to her place of employment after knowledge that such calls to her job were not allowed.

29.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a

substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

30.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

32.    All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants is subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;

4. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 16, 2013

                                    Respectfully submitted,

                                    By _/s/ Patricia Montes de Oca_

                                    Patricia Montes de Oca, Esq.
                                    Florida Bar No. 519812
                                    2655 Le Jeune Road, Fifth Floor
                                    Coral Gables, Florida 33134
                                    Telephone: (305) 501-0085
                                    Facsimile: (855) 953-6237
                                    pmontesdeoca@montesdeocalemberg.com